**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 22-1759
_____

PATRICIA DENISE CUMMINGS,

          Plaintiff – Appellant,

     v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant – Appellee.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Beth P. Gesner, Magistrate Judge.  (1:20-cv-03530-BPG)

_____

Submitted:  November 9, 2023                    Decided:  December 28, 2023

_____

Before THACKER and QUATTLEBAUM, Circuit Judges, and MOTZ, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Andrew N. Sindler, LAW OFFICES OF ANDREW N SINDLER, LLC, Severna Park, Maryland, for Appellant.  Brian C. O'Donnell, Associate General Counsel, Stephen Giacchino, Supervisory Attorney, William Feldman, David N. Mervis, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland; Erek L. Barron, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patricia Cummings applied for social security benefits in 2014, claiming she was unable to work due to several physical and mental impairments. An administrative law judge ("ALJ") held a hearing and denied her claim in 2017, but the district court vacated the decision and remanded for further consideration of Cummings's hand impairments. Another ALJ held a new hearing on remand and also found that Cummings was not disabled. This time, the district court upheld the decision. For the reasons that follow, we affirm.

I.

The Social Security Administration ("the Agency") uses a five-step process to evaluate whether someone is disabled under the Social Security Act. 20 C.F.R. § 404.1520(a)(4). The first three steps ask "(1) whether the claimant is working; (2) if not, whether she has a 'severe impairment'; and (3) if she does, whether the impairment 'meets or equals a listed impairment.'" *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1520). "If the claimant fails at step three, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is the most the claimant can still do despite physical and mental limitations that affect her ability to work." *Shinaberry v. Saul*, 952 F.3d 113, 119 (4th Cir. 2020) (cleaned up). Then, at step four, the ALJ applies the RFC to determine if "the claimant has proven that she is unable to perform past work." *Id.* at 119. "If so, the ALJ proceeds to step five, where the burden shifts to the [Agency] to prove, by a preponderance of the evidence, that the claimant can

2

perform other work that exists in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience." *Id.* (cleaned up).

On remand, the ALJ found at steps one and two that Cummings had not worked since 2014 and had several severe impairments, including bilateral carpal tunnel syndrome and mild arthritis of the elbows and knees, though not fibromyalgia. At step three, the ALJ determined that none of Cummings's severe impairments met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ accordingly conducted an RFC assessment and concluded that Cummings could "perform light work as defined in 20 CFR 416.967(b)," with additional limitations on posture, manipulative movements, and environmental-hazard exposure. Based on this RFC, the ALJ found at step four that Cummings could not perform her past work as a car detailer. But, at step five, the ALJ determined that tens of thousands of jobs were nonetheless available to Cummings in the national economy, and denied her claim. The district court affirmed the Agency's decision, and Cummings appealed.

## II.

We review the district court's decision de novo and will affirm the Agency if "the ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry*, 952 F.3d at 120 (cleaned up); *see* 42 U.S.C. § 405(g). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). We will not "reweigh conflicting evidence, make credibility determinations, or substitute our

3

judgment for that of the ALJ." *Shinaberry*, 952 F.3d at 123 (cleaned up). We will also defer to the ALJ "where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled." *Id.* (cleaned up).

Cummings raises several challenges on appeal to the Agency's analysis, all of which fail. She first challenges the ALJ's determination that her fibromyalgia did not constitute a severe impairment. But, as the Agency points out, Cummings forfeited this argument by failing to raise it before the district court. *See Hicks v. Ferreyra*, 965 F.3d 302, 310 (4th Cir. 2020). Cummings has also not identified any "exceptional circumstances" that would justify departing from our rule against "consider[ing] issues raised for the first time on appeal." *See id.* (cleaned up). We therefore find that Cummings has forfeited her arguments regarding fibromyalgia, and do not address them further.

Nor did the Agency err in its RFC assessment when it found that Cummings's statements about her symptoms' intensity and persistence were inconsistent with other evidence in the record. A claimant's statements regarding her symptoms "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffered." *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996). Several medical examinations reported that Cummings, contrary to her reported symptoms, could walk normally without the assistance of a cane or walker. The ALJ also determined that Cummings's impairments were "mild," a finding based directly on the statements of medical experts in the record. The ALJ further noted the conservative management of Cummings's symptoms — who reported taking

4

only ibuprofen for her pain and inconsistently using her prescribed wrist braces — as well as her daily activities, such as personal grooming and hygiene, supervising her children during homeschooling, and being the primary caregiver for her young grandchild.  These are all relevant factors when evaluating a claimant's symptoms and their potential limiting effects.  40 C.F.R. § 416.929(c)(3)(i)-(vii).[*]

Finally, the Agency adequately explained why it gave little weight to a medical source statement of Dr. Perkis, a treating physician of Cummings.  Dr. Perkis based that statement solely on Cummings's reported symptoms rather than objective evidence; the statement conflicted with other medical evaluations before the Agency on Cummings's condition; and the statement did not explain the connection between the symptoms reported and almost all of the work limitations identified.  The ALJ did not need to give controlling weight to a medical statement unsupported by objective evidence and inconsistent with substantial evidence in the record.  *See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 106 (4th Cir. 2020) (citing 20 C.F.R. § 416.927(c)(2)).

In short, Cummings asks us to reweigh conflicting evidence in the record.  This we will not do.  *Shinaberry*, 952 F.3d at 123.  We affirm the Agency's thorough and reasoned decision as supported by substantial evidence.  We dispense with oral argument because

---

[*] Cummings additionally argues that the ALJ disregarded evidence of frequent unplanned doctor visits that would lead to absenteeism incompatible with employment, but she cites no part of the record in support of this assertion.

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

*AFFIRMED*